UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| U.S. BANK<br><br>　　　　　　　　　Plaintiff,<br><br>　v.<br><br>LAURA F. STERN and KIDS IN MOTION GYMNASTICS, LLC<br><br>　　　　　　　　　Defendants. | Case No: 12-CV-1325 W (NLS)<br><br>**ORDER DENYING DEFENDANT'S MOTION TO DISMISS [DOCS. 6, 8]** |

　　　　Pending before the Court is Defendants' motion to dismiss the First Amended Complaint for lack of subject-matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1). Plaintiff U.S. Bank opposes the motion.

　　　　The motion being fully briefed, the Court decides the matter on the papers submitted and without oral argument. See Civ. L.R. 7.1(d.1). For the reasons discussed below, the Court **DENIES** Defendant's motion to dismiss the FAC [Doc. 8]. Additionally, the Court **DENIES** Defendants motion to dismiss the original complaint as moot [Doc. 6].

I.　BACKGROUND

　　　　On June 4, 2012, U.S. Bank initiated this action against Defendants Laura Stern and Kids in Motion Gymnastics, LLC ("KIMG"). U.S. Bank asserts two causes of action:

(1) breach of promissory note and (2) breach of guaranty. (*First Amended Compl.* ("FAC"} [Doc. 7].)

According to the FAC, Plaintiff U.S. Bank loaned $1,800,000 to Defendant Stern in 2008. She used the money to purchase land for her business, KIMG. The Small Business Administration ("SBA"), a federal agency, participated in and authorized the loan agreement, in which KIMG assumed all obligations and Stern became the guarantor.

On September 16, 2009, U.S. Bank and KIMG signed a change of terms agreement, which included a forum-selection clause. KIMG subsequently went out of business, and Stern defaulted on the loan. U.S. then Bank bought the property at a non-judicial foreclosure sale for a credit bid of $950,000. U.S. Bank now seeks a deficiency judgement for the remainder of the debt.

On July 13, 2012, Stern filed a motion to dismiss the complaint for lack of subject-matter jurisdiction or, in the alternative, to transfer for improper venue. (*See* Doc. 6.) U.S. Bank mooted the motion by filing the FAC, which addressed the venue concern raised in Stern's motion. Stern now seeks to dismiss the FAC based solely on the ground of lack of subject matter jurisdiction.

II.     **DISCUSSION**

Federal Courts must dismiss actions for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3). A Federal District Court has diversity jurisdiction over a civil action if both parties are citizens of different states and the amount in controversy exceeds $75,000. 23 U.S.C. 1332(a). For purposes of diversity jurisdiction, a national bank is a citizen of the state in which its main office is located. Wachovia Bank v. Schmidt, 546 U.S. 303, 318 (2006).

Stern argues that the Court lacks subject-matter jurisdiction because the case is premised on state law claims and does not arise under Federal law. U.S. Bank argues

1 that this Court has subject-matter jurisdiction because the parties are diverse.  The Court
2 agrees with U.S. Bank.

3       According to the FAC, Stern is a California resident and KIMG was a California
4 company.  (*FAC*, ¶¶2, 3.)  Additionally, U.S. Bank is a national bank, and its main office
5 is in Ohio.  (*Id.*, ¶1.)  Because both parties are citizens of different states, this Court has
6 diversity jurisdiction.  23 U.S.C. 1332(a).[1]

8 **III.**    **CONCLUSION**

9       The Court **DENIES** Defendant's motion to dismiss the original complaint as
10 moot [Doc. 6].  The Court **DENIES** the FAC on the ground that diversity jurisdiction
11 exists.

14       **IT IS SO ORDERED.**

16 DATED: March 11, 2013

18                              Hon. Thomas J. Whelan
19                              United States District Judge

---

[1] Stern also contends that California law does not permit creditors to obtain deficiency judgments after non-judicial foreclosures.  However, because the motion is brought under Federal Rule of Civil Procedure 12(b)(1), and not 12(b)(6) (*see Notice of Mt.* [Doc. 8], 1:22–25, the issue is not properly before the Court.