UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| U.S. BANK<br><br>　　　　　　　　　　Plaintiff,<br><br>　v.<br><br>LAURA F. STERN and KIDS IN MOTION GYMNASTICS, LLC<br><br>　　　　　　　　　　Defendants. | CASE NO: 12-CV-1325 W (NLS)<br><br>**ORDER DENYING DEFENDANT'S MOTION TO DISMISS [DOCS. 6, 8]** |

　　　Pending before the Court is Defendants' motion to dismiss the First Amended Complaint for lack of subject-matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1). Plaintiff U.S. Bank opposes the motion.

　　　The motion being fully briefed, the Court decides the matter on the papers submitted and without oral argument. See Civ. L.R. 7.1(d.1). For the reasons discussed below, the Court **DENIES** Defendant's motion to dismiss the FAC [Doc. 8]. Additionally, the Court **DENIES** Defendants motion to dismiss the original complaint as moot [Doc. 6].

I.　　BACKGROUND

　　　On June 4, 2012, U.S. Bank initiated this action against Defendants Laura Stern and Kids in Motion Gymnastics, LLC ("KIMG"). U.S. Bank asserts two causes of action:

1  (1) breach of promissory note and (2) breach of guaranty.  (*First Amended Compl.* ("FAC"}
2  [Doc. 7].)
3         According to the FAC, Plaintiff U.S. Bank loaned $1,800,000 to Defendant Stern
4  in 2008.  She used the money to purchase land for her business, KIMG.  The Small
5  Business Administration ("SBA"), a federal agency,  participated in and authorized the
6  loan agreement, in which KIMG assumed all obligations and Stern became the
7  guarantor.
8         On September 16, 2009, U.S. Bank and KIMG signed a change of terms
9  agreement, which included a forum-selection clause.  KIMG subsequently went out of
10 business, and Stern defaulted on the loan. U.S. then Bank bought the property at a non-
11 judicial foreclosure sale for a credit bid of $950,000.  U.S. Bank now seeks a deficiency
12 judgement for the remainder of the debt.
13        On July 13, 2012, Stern filed a motion to dismiss the complaint for lack of subject-
14 matter jurisdiction or, in the alternative, to transfer for improper venue.  (*See* Doc. 6.)
15 U.S. Bank mooted the motion by filing the FAC, which addressed the venue concern
16 raised in Stern's motion. Stern now seeks to dismiss the FAC based solely on the ground
17 of lack of subject matter jurisdiction.
18
19 II.    DISCUSSION
20        Federal Courts must dismiss actions for lack of subject matter jurisdiction.  Fed.
21 R. Civ. P. 12(h)(3). A Federal District Court has diversity jurisdiction over a civil action
22 if both parties are citizens of different states and the amount in controversy exceeds
23 $75,000.  23 U.S.C. 1332(a).  For purposes of diversity jurisdiction, a national bank is
24 a citizen of the state in which its main office is located.  Wachovia Bank v. Schmidt, 546
25 U.S. 303, 318 (2006).
26        Stern argues that the Court lacks subject-matter jurisdiction because the case is
27 premised on state law claims and does not arise under Federal law.  U.S. Bank argues
28

1  that this Court has subject-matter jurisdiction because the parties are diverse.  The Court
2  agrees with U.S. Bank.
3        According to the FAC, Stern is a California resident and KIMG was a California
4  company.  (*FAC*, ¶¶2, 3.)  Additionally, U.S. Bank is a national bank, and its main office
5  is in Ohio.  (*Id.*, ¶1.)  Because both parties are citizens of different states, this Court has
6  diversity jurisdiction.  23 U.S.C. 1332(a).[1]

## III.    CONCLUSION

The Court **DENIES** Defendant's motion to dismiss the original complaint as moot [Doc. 6].  The Court **DENIES** the FAC on the ground that diversity jurisdiction exists.

**IT IS SO ORDERED.**

DATED:  March 11, 2013

_____
Hon. Thomas J. Whelan
United States District Judge

---

[1] Stern also contends that California law does not permit creditors to obtain deficiency judgments after non-judicial foreclosures.  However, because the motion is brought under Federal Rule of Civil Procedure 12(b)(1), and not 12(b)(6) (*see Notice of Mt.* [Doc. 8], 1:22–25, the issue is not properly before the Court.